IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ANGEL G. LUEVANO, et al., <br><br> *Plaintiffs*, <br> v. <br><br> CHARLES EZELL, Acting Director, Office of Personnel Management, et al., <br><br> *Defendants*, <br><br> and <br><br> AMERICAN MOMENT, <br><br> and <br><br> FEDS FOR FREEDOM, <br><br> *Proposed Defendant-Intervenors*. | Case No. 1:79-cv-00271-RBW <br><br> Judge Reggie B. Walton |

## PROPOSED DEFENDANT-INTERVENORS' MOTION TO PARTIALLY LIFT THE STAY

Proposed Defendant-Intervenors, American Moment and Feds for Freedom, move to partially lift the stay of all deadlines this Court ordered on June 3, 2025. Specifically, the Proposed Defendant-Intervenors seek to lift the stay for the limited purpose of deciding their motion to intervene, ECF No. 11, so they can participate in ongoing negotiations to resolve this case.

The Proposed Defendant-Intervenors state as follows:

1. American Moment is a 501(c)(3) organization committed to helping young people serve in government. Feds for Freedom is also a 501(c)(3) organization with a membership of over 9,000 federal employees. Both offer unique perspectives on the harm to current and future federal employees caused by the Consent Decree at issue in this case. *See* Mem. of Law in Support of

1

Mot. to Intervene, ECF No. 11 at 1–2, 5–7. For the same reasons, they also offer important insight relevant to the costs and benefits of any potential resolution to this case.

2. On May 15, 2025, Proposed Defendant-Intervenors moved to intervene in this case. Mot. to Intervene, ECF No. 11. Plaintiffs opposed intervention, and their response would have been due on May 29, 2025. Defendants did not oppose intervention.

3. On May 28, 2025, Plaintiffs moved for an extension of time to file their response. Mot. for Extension of Time, ECF 14. This Court granted that motion later that day, moving the deadline for Plaintiffs to file a response to June 12, 2025. *See* Minute Order (May 28, 2025).

4. On June 2, 2025, Plaintiffs moved to stay all deadlines in this case, including their response to Proposed Defendant-Intervenors' motion to intervene. ECF No. 18. The stay motion explained that Plaintiffs and Defendants are "actively engaged in good-faith discussions … to reach a resolution," and that a stay will "allow the parties an opportunity to continue good-faith discussions." *Id.* at 2.

5. Proposed Defendant-Intervenors opposed staying the intervention deadlines, which the Court has already extended. *Id.* at 4. Under Local Rule 7(b), a response from Proposed Defendant-Intervenors would have been due 14 days later, on June 17, 2025.

6. On June 3, 2025, before Proposed Defendant-Intervenors could file a response, this Court granted Plaintiffs' motion for a stay of all deadlines. *See* Minute Order (June 3, 2025).

7. Proposed Defendant-Intervenors' purpose for intervening here is to represent the interests and offer the insight of their members—current and future federal employees—in any negotiations of a resolution that could dramatically alter federal employment processes. But their motion to intervene has now been stayed pending the potential resolution that is the purpose of intervention.

8.      Because the current posture of the litigation threatens to shut Proposed Defendant-Intervenors out of the negotiations entirely, Proposed Defendant-Intervenors now move to partially lift the stay for the limited purpose of deciding their motion to intervene. If that motion is granted, Proposed Defendant-Intervenors will participate in any negotiations to resolve this case, which will dramatically increase the likelihood of a global solution that would not be subject to objections by affected parties.

## MEMORANDUM OF LAW

"[T]he same court that imposes a stay of litigation has the inherent power and discretion to lift the stay." *Marsh v. Johnson*, 263 F. Supp. 2d 49, 52 (D.D.C. 2003). Whether a stay is appropriate turns on the "hardship" it might cause the parties and its effect on "judicial economy." *Tethyan Copper Co. Pty. Ltd. v. Islamic Rep. of Pakistan*, 590 F. Supp. 3d 262, 269 (D.D.C. 2022). The same factors guide the decision whether to lift a stay. *See Whitman-Walker Clinic, Inc. v. HHS*, 20-1630 (JEB), 2021 WL 4033072, at *2 (D.D.C. Sept. 3, 2021).

The risk of significant hardship to Proposed Defendant-Intervenors supports partially lifting the stay for purposes of deciding their motion to intervene. Certainly, "compelling one litigant to stand aside while another settles a dispute that will affect both of them … raises serious questions of fairness." 7C Wright & Miller, *Federal Practice & Procedure* § 1838 (3d ed.). That will be the situation here if the stay remains in place. Intervention for the purpose of participating in ongoing settlement negotiations is well established, *see* Mem. of Law in Support of Mot. to Intervene, ECF No. 11 at 3–4, and Proposed Defendant-Intervenors would be frozen out of that process altogether if this stay remains in place, even though any resolution will alter the professional lives of their members. At that point, the Proposed Defendant-Intervenors would have very limited avenues to raise their arguments about any potential shortcomings, such as objecting

to any settlement, voluntary dismissal, or compromise. *See* Fed. R. Civ. Proc. 23(e). This Court should not permit Plaintiffs to use this stay to avoid Proposed Defendant-Intervenors' advocacy on behalf of current and future federal employees. *Cf. United States v. State Water Res. Control Bd.*, 988 F.3d 1194, 1206 (9th Cir. 2021) (considering "gamesmanship" before granting a stay).

Proposed Defendant-Intervenors, moreover, have strong arguments for intervention. *See* Mem. of Law in Support of Mot. to Intervene, ECF No. 11; *United States v. City of Detroit*, 712 F.3d 925, 932 (6th Cir. 2013) ("[G]etting all interested parties to the table promotes an effective and fair solution."). But if Plaintiffs and Defendants attempt to settle this case while excluding Proposed Defendant-Intervenors, and then claim the motion to intervene is moot, the stay could prevent those meritorious arguments for invention from ever being heard by this Court. That, too, creates a significant hardship. *Cf. Whitman-Walker Clinic, Inc.*, 2021 WL 4033072, at *2 (noting that the strength of the underlying claim is relevant to the stay analysis).

Meanwhile, Defendants did not oppose intervention, so they would not face any hardship from resolving that issue now. And Plaintiffs would only need to file a response to the motion to intervene, which was originally due on May 29, 2025. *See* Minute Order (May 28, 2025). The memorandum of law supporting the motion to intervene was only nine pages, so responding will not cause any hardship. Plaintiffs also sought this stay, so it is only fair that they explain why it is appropriate to exclude Proposed Defendant-Intervenors from this case altogether. Alternatively, Plaintiffs could simply consent to intervention.

Resolving intervention now will also serve judicial economy. Proposed Defendant-Intervenors represent current and future federal employees who will be affected by any resolution of the Consent Decree. If Plaintiffs and Defendants reach a class-wide settlement on their own, without the input of Proposed Defendant-Intervenors, that resolution may not adequately protect

the interests of such current and future federal employees. *See, e.g.*, Fed. R. Civ. P. 23(e)(5) (allowing class members to object to a settlement). Thus, it would benefit everyone to bring Proposed Defendant-Intervenors to the negotiating table now, rather than potentially risk them having to object to an inadequate settlement later. Allowing intervention to proceed will facilitate a fair and global resolution that works for all interested parties and can be promptly approved by the Court.

**WHEREFORE**, the Plaintiffs respectfully request this Court enter an Order:

1. Lifting the stay for the limited purpose of resolving the motion to intervene; and
2. Ordering any responses to the motion to intervene, ECF No. 11, within 14 days.

Dated: June 17, 2025

Respectfully submitted,

/s/ R. Trent McCotter
R. TRENT MCCOTTER (DC BAR # 1011329)
JARED M. KELSON (DC BAR # 241393)
800 Connecticut Ave NW, Suite 900
Washington, DC 20006
202-706-5488
tmccotter@boydengray.com
jkelson@boydengray.com

NICHOLAS R. BARRY (*pro hac vice*)
JACOB P. MECKLER (DC BAR # 90005210)
AMERICA FIRST LEGAL FOUNDATION
611 Pennsylvania Ave, SE #231
Washington, DC 20003
202-964-3721
Nicholas.Barry@AFLegal.org
Jacob.Meckler@AFLegal.org

## LOCAL RULE 7(m) CERTIFICATION

I certify that on June 16, 2025, counsel for Proposed Defendant-Intervenors asked Plaintiffs and Defendants for their position regarding this motion. Counsel for Plaintiffs stated they oppose the motion. Counsel for Defendants stated they do not oppose the motion.

Dated: June 17, 2025                     */s/ R. Trent McCotter*
                                         R. Trent McCotter

## CERTIFICATE OF SERVICE

I certify that on June 17, 2025, the foregoing was filed electronically with the Court's electronic filing system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Dated: June 17, 2025                     */s/ R. Trent McCotter*
                                         R. Trent McCotter