UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANGEL G. LUEVANO, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> CHARLES EZELL, Acting Director, Office of Personnel Management, <br><br> *Defendant*. | Case No.: 1:79-CV-00271-rbw <br><br> Judge Reggie B. Walton |

**MOTION IN OPPOSITION TO PROPOSED INTERVENORS' MOTION TO PARTIALLY LIFT THE STAY**

On June 17, 2025, American Moment and Feds for Freedom ("Proposed Intervenors") moved to partially lift the stay "for the limited purpose of deciding their motion to intervene." Dkt. No. 20 at 1. Plaintiffs oppose this motion because Proposed Intervenors have not met the burden required to lift the stay, for the reasons discussed below.

**MEMORANDUM OF LAW**

The standard for lifting a stay is "circumstances have changed such that the court's reasons for imposing the stay no longer exist or are inappropriate." *Marsh v. Johnson*, 263 F. Supp. 2d 49, 52 (D.D.C. 2003) (citations omitted). The court thus assesses how the relevant circumstances have changed since the stay was initially granted. *Compare In re Enf't of Restraining Ord. by Ninth Fed. Ct., Fifth Jud. Subsection in Campinas, SP*, No. MC 1:15-783-RBW, 2024 WL 4854037 at *8 (D.D.C. Nov. 21, 2024) (lifting a stay that had been granted to promote settlement when the parties represented there were no ongoing settlement discussions)

1

*with Whitman-Walker Clinic, Inc. v. U.S. Dep't of Health & Hum. Servs.*, No. CV 20-1630 (JEB), 2021 WL 4033072 at *4 (D.D.C. Sept. 3, 2021) (declining to lift a stay that had been granted to allow for the Biden administration to determine its course of action when the Biden administration had not yet taken any final action).

Plaintiffs Angel. G. Luevano and Vicky L. Chapman, on behalf of the class, ("Plaintiffs") moved for a stay because they were "actively engaged in good-faith discussions with Defendant to reach a resolution of Defendant's pending Motion to Terminate Consent Decree that would be dispositive of the judgment in this case." Dkt. No. 18 ¶ 3. Plaintiffs agreed to update the Court every two weeks on the status of their negotiations. *Id.* ¶ 7. Plaintiffs remain engaged in active negotiations with Defendant. Dkt. No. 24. Proposed Intervenors' motion to intervene had been filed prior to Plaintiffs' motion for a stay. Dkt. No. 11. Accordingly, the circumstances have not changed such that this Court's reasons for granting the stay no longer exist or are inappropriate.

Proposed Intervenors do not assert that any circumstances have changed since this Court granted the stay, as required by *Marsh*. Instead, they contend that not lifting the stay would pose a "risk of significant hardship" to them. Dkt. No. 20 at 3. They specifically object to the possibility that a settlement could be reached before a decision is made on their motion to intervene. *Id.* This alleged hardship is a theoretical, future harm, as Plaintiffs have not reached an agreement with Defendant. *See Wilderness Soc'y v. Trump, No. 1:17-CV-02587 (TSC)*, 2024 WL 4880449 at *3 (D.D.C. Nov. 25, 2024) (finding a change in circumstances but declining to lift the stay because no hardship was inflicted to intervenor-defendants by the stay when the alleged harm was based on a settlement agreement that had not been executed). Proposed-Intervenors have not made any allegation of harm from the stay itself. This Court's resources

2

would be preserved by maintaining the stay so Plaintiffs and Defendant have adequate time to negotiate and present this Court with a proposed joint resolution.

**WHEREFORE**, the Plaintiffs respectfully request this Court enter an Order denying Proposed Intervenors' motion to partially lift the stay and preserving the terms of its June 3, 2025 Minute Order.

Dated: July 1, 2025

Respectfully submitted,

/s/ Lourdes M. Rosado
Lourdes M. Rosado
D.C. Bar No. 452867
LATINOJUSTICE PRLDEF
475 Riverside Avenue, Suite 1901
New York, NY 10115
Tel: (212) 739-7583
lrosado@latinojustice.org

Kathryn J. Youker
D.C. Bar No. 90004024
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1500 K Street NW, Suite 900
Washington, DC 20005
Tel.: (202) 662-8375
Fax: (202) 783-0857
kyouker@lawyerscommittee.org

Nicolas Shump
D.C. Bar No. 90031965
MEXICAN AMERICAN LEGAL
DEFENSE & EDUCATIONAL
FUND, INC.
1016 16th Street NW, Suite 100
Washington, DC 20036
Tel.: (202) 293-2828
nshump@maldef.org

Jason P. Bailey\*
NAACP Legal Defense
and Educational Fund, Inc.
700 14th Street NW, Suite 600
Washington, DC 20005
Tel.: (202) 682-1300
jbailey@naacpldf.org

Arielle Humphries\*
NAACP Legal Defense
and Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, NY 10006
Tel.: (212) 965-2200
ahumphries@naacpldf.org

*Attorneys for Plaintiffs*

*\*admitted pro hac vice*

## CERTIFICATE OF SERVICE

      I hereby certify that on July 1, 2025, a true and correct copy of the foregoing document was served on all parties entitled to notice via the Court's electronic filing system.

/s/ Lourdes M. Rosado
Lourdes M. Rosado
