IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ANGEL G. LUEVANO, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> CHARLES EZELL, Acting Director, Office of Personnel Management, et al., <br><br> *Defendants*, <br><br> and <br><br> AMERICAN MOMENT, <br><br> and <br><br> FEDS FOR FREEDOM, <br><br> *Proposed Defendant-Intervenors*. | Case No. 1:79-cv-00271-RBW <br><br> Judge Reggie B. Walton |

## REPLY IN SUPPORT OF PROPOSED DEFENDANT-INTERVENORS' MOTION TO PARTIALLY LIFT THE STAY

Proposed-Defendant Intervenors have moved to partially lift the stay in this case so the Court can rule on their motion to intervene. Plaintiffs oppose the motion, but they apply the wrong legal standard and mistake the hardship suffered by Proposed Defendant-Intervenors. ECF No. 25, at 2. Defendants do not oppose intervention at all. This Court should grant the motion to partially lift the stay because Proposed Defendant-Intervenors meet the legal standard and suffer present hardship from the stay itself.

I.   **Proposed Defendant-Intervenors Meet the Standard for Lifting a Stay**

Relying on *Marsh v. Johnson*, 263 F. Supp. 2d 49 (D.D.C. 2003), Plaintiffs argue that this Court cannot lift a stay unless "circumstances have changed such that the court's reasons for

1

imposing the stay no longer exist or are inappropriate." ECF No. 25, at 1 (quoting *Marsh*, 263 F. Supp. 2d at 52). That is wrong. This Court has the same "inherent power and discretion" whether it imposes or lifts a stay, *Marsh*, 263 F. Supp. 2d at 52 (citations omitted), and changed circumstances is only one reason to exercise that discretion. The Court in *Marsh* did not suggest that discretion to lift a stay is limited to that situation. *See id.* at 52, 54.

Courts instead exercise their discretion by considering the same factors for initially granting a stay—i.e., hardship to the movant and judicial economy. *See, e.g.*, *Whitman-Walker Clinic, Inc. v. HHS*, 20-1630 (JEB), 2021 WL 4033072, at *2 (D.D.C. Sept. 3, 2021). That showing of hardship is satisfied when a stay would exclude an interested party from participating in resolution of the case. As this Court explained in an analogous context, "[w]hether to grant or lift a stay is discretionary, but 'only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.'" *Jud. Watch, Inc. v. U.S. Dep't of Just.*, 57 F. Supp. 3d 48, 50 (D.D.C. 2014) (quoting *Landis v. N. Am. Co.,* 299 U.S. 248 (1936) (alteration accepted)).

For reasons that Proposed Defendant-Intervenors have explained, failing to lift the stay for the limited purpose of deciding their motion to intervene will force them to "stand aside" while Plaintiffs and Defendants continue negotiations that will likely affect Proposed Defendant-Intervenors and define the rights of their members. *See* ECF No. 20, at 3–5. Proposed Defendant-Intervenors have explained how this situation imposes significant hardship, that partially lifting the stay to resolve their motion to intervene will serve judicial economy, and that the parties will not suffer prejudice from a ruling on the motion to intervene. *Id.* Thus, Proposed Defendant-Intervenors have shown that this Court should exercise its discretion to partially lift the stay.

Further, even though not required, circumstances *have* changed since the Court granted the stay, because only afterwards was Proposed Defendant-Intervenors' opposition to the stay and supporting arguments brought prominently to this Court's attention. In the body of their motion for a stay, Plaintiffs noted that Defendants did not oppose the motion, but omitted the opposition of Proposed Defendant-Intervenors even though the stay would affect their motion to intervene. ECF No. 18, at 2. Plaintiffs mentioned that opposition only in the Certificate of Conference appended to the end of the motion for a stay. ECF No. 18, at 4. Proposed Defendant-Intervenors then did not have an opportunity to respond pursuant to Local Civil Rule 7(b) before the Court granted the stay the next day. *See* Minute Order June 3, 2025. Only when Proposed Defendant-Intervenors moved to partially lift the stay, *see* ECF No. 20, were their opposition and supporting arguments plainly presented to the Court. For this reason, too, the Court should exercise its discretion to narrowly lift the stay for purposes of deciding the motion to intervene.

## II.  Proposed Defendant-Intervenors Suffer Hardship from the Stay

Plaintiffs are also wrong that Proposed Defendant-Intervenors only "alleged hardship is a theoretical, future harm" that does not result from "the stay itself." ECF No. 25, at 2. The stay is causing hardship right now to Proposed Defendant-Intervenors by treating them as non-parties who are not entitled to participate in the ongoing negotiations to resolve this case, despite well-established precedent for intervening for that purpose. *See* ECF No. 11, at 3–4 (discussing *United States v. Oregon*, 745 F.2d 550, 552 (9th Cir. 1984); *NRDC v. Costle*, 561 F.2d 904, 906–07 (D.C. Cir. 1977); *Hodgson v. United Mine Workers of Am.*, 473 F.2d 118, 129–30 (D.C. Cir. 1972)). Until this Court grants the motion to intervene, Proposed Defendant-Intervenors will have no right to participate in the negotiations that very well may resolve this entire case and affect the rights of

their members. The stay thus inflicts present, ongoing hardship on Proposed Defendant-Intervenors.

Plaintiffs rely incorrectly on *Wilderness Soc'y v. Trump*, No. 1:17-CV-02587 (TSC), 2024 WL 4880449 (D.D.C. Nov. 25, 2024). *See* ECF No. 25, at 2. The defendant-intervenors in that case were granted intervention *before* the Court issued a stay. *Wilderness Soc'y*, 2024 WL 4880449 at *1. After three years passed with no settlement agreement, the defendant-intervenors moved to lift the stay and file a motion to dismiss the case as moot, alleging they could be harmed by the terms of an eventual settlement. *Id.* at *1–3. The Court held that this "alleged harm" was too "speculative" because it was based on a hypothetical term in a future settlement agreement. *Wilderness Soc'y*, 2024 WL 4880449 at *3. Defendant-intervenors had already been admitted to the proceedings, and thus had "not identified … any hardship inflicted by the stay itself." *Id.*

But here, the stay *is* harming Proposed Defendant-Intervenors by locking them out of potentially dispositive negotiations to resolve this case. *See* ECF No. 20, at 3–4. That makes this case analogous to those granting intervention for the express purpose of participating in settlement conversations. *See, e.g.*, *Oregon*, 745 F.2d at 552; *NRDC*, 561 F.2d at 906–07; *Hodgson*, 473 F.2d at 129–30. Given that precedent, it makes little sense to postpone deciding the motion to intervene until those discussions are over.

Plaintiffs seem to suggest that Proposed Defendant-Intervenors should wait until Plaintiffs and Defendants reach a settlement, and then Proposed Defendant-Intervenors could challenge the resolution or demonstrate harm by their exclusion from it. But that would only drag out the litigation. *See* ECF No. 20, at 4–5. It is far more desirable for Proposed Defendant-Intervenors to intervene now and participate in those negotiations, which would drastically increase the likelihood that any resolution presented to the Court would truly resolve *all* outstanding matters.

## CONCLUSION

For these reasons, this Court should grant Proposed Intervenor-Defendants' motion to partially lift the stay for the limited purpose of ruling on their motion to intervene.

Dated: July 8, 2025　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　*/s/ Jared M. Kelson*
　　　　　　　　　　　　　　　　　　　　R. TRENT MCCOTTER (DC BAR # 1011329)
　　　　　　　　　　　　　　　　　　　　JARED M. KELSON (DC BAR # 241393)
　　　　　　　　　　　　　　　　　　　　800 Connecticut Ave NW, Suite 900
　　　　　　　　　　　　　　　　　　　　Washington, DC 20006
　　　　　　　　　　　　　　　　　　　　202-706-5488
　　　　　　　　　　　　　　　　　　　　tmccotter@boydengray.com
　　　　　　　　　　　　　　　　　　　　jkelson@boydengray.com

　　　　　　　　　　　　　　　　　　　　NICHOLAS R. BARRY (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　JACOB P. MECKLER (DC BAR # 90005210)
　　　　　　　　　　　　　　　　　　　　AMERICA FIRST LEGAL FOUNDATION
　　　　　　　　　　　　　　　　　　　　611 Pennsylvania Ave, SE #231
　　　　　　　　　　　　　　　　　　　　Washington, DC 20003
　　　　　　　　　　　　　　　　　　　　202-964-3721
　　　　　　　　　　　　　　　　　　　　Nicholas.Barry@AFLegal.org
　　　　　　　　　　　　　　　　　　　　Jacob.Meckler@AFLegal.org

**CERTIFICATE OF SERVICE**

  I certify that on July 8, 2025, the foregoing was filed electronically with the Court's electronic filing system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Dated: July 8, 2025                <u>*/s/ Jared M. Kelson*</u>
                          Jared M. Kelson