UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANGEL G. LUEVANO, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> CHARLES EZELL, Acting Director, Office of Personnel Management, <br><br> *Defendant*. | Civil Action No. 79-0271 (RBW) |

**JOINT MOTION FOR RELIEF PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b)(5) AND STIPULATION IN SUPPORT**

Plaintiffs Angel Luevano and Vicky L. Chapman,[1] on behalf of a class of "All blacks and all Hispanics who have taken the PACE for hire, but not promotion, into entry-level PACE jobs at any time on or after May 19, 1975, or who, during the term of this Decree, take or may take the PACE and/or any alternative examining procedures developed by an agency and/or OPM for hire, but not promotion, into entry-level PACE jobs," ("Plaintiffs"), Consent Decree ¶ B.3, *Luevano v. Campbell*, 79-0271 (D.D.C. Feb. 27, 1981) ("Consent Decree"), and Defendant Charles Ezell, in his official capacity as Acting Director of the Office of Personnel Management ("Defendant") (collectively, the "Parties"), have resolved this matter and all issues relating to the Consent Decree.

---

[1] Upon information and belief, I.M.A.G.E. de California, was an unincorporated association that is no longer operational and has ceased to exist. Counsel for Plaintiffs have also been unable to discuss the proposed motion and stipulation with Plaintiff Melody A. Van despite reasonable efforts to do so, including attempts made by email, phone, mail, and in person. If the Court wishes to be apprised more specifically about our communication efforts related to this client, Counsel for Plaintiffs are prepared to discuss that topic during our July 31, 2025 status conference. To the extent the Court deems it necessary, Counsel for Plaintiffs are prepared to take any additional appropriate steps with respect to those Plaintiffs.

The Parties jointly move, under Federal Rule of Civil Procedure 60(b)(5), that they be granted relief from the Consent Decree. By stipulation of the Parties and pursuant to Federal Rule of Civil Procedure Rule 41(a)(1)(A)(ii), Plaintiffs are voluntarily dismissing this action with prejudice against Defendants. *See* Stipulation of Dismissal attached at Exhibit A. Under Rule 60(b)(5), the parties stipulate that the Decree has expired by its own terms and thus has been satisfied, released, or discharged.  In support of this joint motion, the parties state as follows:

1. The Parties entered into a Consent Decree on November 19, 1981. *See* Consent Decree attached at Exhibit B.

2. The Parties stipulate under Federal Rule of Civil Procedure 41(a)(1)(A)(ii) to voluntary dismissal with prejudice of Plaintiffs' action against Defendants. The Parties further stipulate that the dissolution of the Decree and entry of this order by the Court moots all pending motions before the Court, including the United States' Motion to Terminate the Decree (Dkt. No. 2), in this matter.

3. The Parties stipulate and agree that the Consent Decree has expired by its terms (*see* Stipulation to Dismissal at ¶ 2, attached as Exhibit A), and thus the conditions for continued jurisdiction before this Court no longer exist.

4. The Federal Rules of Civil Procedure provide that on motion, "the court may relieve a party or its legal representative from a final judgment, order, or proceeding [where] . . . the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5).

5. The Parties further stipulate and agree that because the judgment has been "satisfied, released, or discharged," the Consent Decree in this case may no longer be enforced by any class member against any party to the Consent Decree.

6. The Parties further stipulate and agree that all preconditions under Rule 23 have been satisfied for the granting of the relief for judgment and a dismissal of this matter. Plaintiffs assert that notice pursuant to Rule 23 is not required because this Stipulation of Dismissal seeks to effectuate the dismissal of this matter due to the expiration of the consent decree and does not impact any legal right held by any class member.

Wherefore, the Parties respectfully request that the Court enter the attached order granting the parties relief from the Consent Decree under Rule 60(b)(5).

Dated: July 29, 2025

Respectfully submitted,

| | |
|---|---|
| */s/ Lourdes M. Rosado* | |
| Lourdes M. Rosado | HARMEET K. DHILLON |
| D.C. Bar No. 452867 | Assistant Attorney General |
| LATINOJUSTICE PRLDEF | |
| 475 Riverside Avenue, Suite 1901 | By:   */s/ Andrew Braniff* |
| New York, NY 10115 | ANDREW G. BRANIFF |
| Tel: (212) 739-7583 | Attorney |
| lrosado@latinojustice.org | Civil Rights Division |
| | United States Department of Justice |
| Kathryn J. Youker | 950 Pennsylvania Ave., NW |
| D.C. Bar No. 90004024 | Washington, D.C. 20530 |
| LAWYERS' COMMITTEE FOR | (202) 532-3803 |
| CIVIL RIGHTS UNDER LAW | |
| 1500 K Street NW, Suite 900 | JEANINE FERRIS PIRRO |
| Washington, DC 20005 | United States Attorney |
| Tel.: (202) 662-8375 | |
| Fax: (202) 783-0857 | By:   */s/ Thomas W. Duffey* |
| kyouker@lawyerscommittee.org | |

Nicolas Shump
DC Bar No. 90031965
MEXICAN AMERICAN LEGAL
DEFENSE & EDUCATIONAL
FUND, INC.
1016 16th Street NW, Suite 100
Washington, DC 20036
Tel.: (202) 293-2828
nshump@maldef.org

Jason P. Bailey*
NAACP LEGAL DEFENSE
AND EDUCATIONAL FUND, INC.
700 14th Street NW, Suite 600
Washington, DC 20005
Tel.: (202) 682-1300
jbailey@naacpldf.org

Arielle Humphries*
NAACP LEGAL DEFENSE
AND EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, NY 10006
Tel.: (212) 965-2200
ahumphries@naacpldf.org

*Attorneys for Plaintiffs*

*admitted pro hac vice

THOMAS W. DUFFEY
Assistant United States Attorney
Civil Division
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-2510

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANGEL G. LUEVANO, *et al.*,<br><br>    *Plaintiffs*,<br><br>  v.<br><br>CHARLES EZELL, Acting Director, Office of Personnel Management,<br><br>    *Defendant*. | Civil Action No. 79-0271 (RBW) |

## **[PROPOSED] ORDER**

This matter, having come before the Court on the joint motion of the parties for relief from a judgment or order under Federal Rule of Civil Procedure 60(b)(5), and the Court having considered the motion and the entire record herein, the motion is granted, and it is hereby

ORDERED That the Consent Decree that the parties entered into in this matter on November 19, 1981, has been satisfied, released and discharged, and that further enforcement or application of the Consent Decree is no longer appropriate.

_____
REGGIE B. WALTON
United States District Judge